**IN THE NORTHERN DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DALLAS BUYERS CLUB, LLC, | ) | |
| | ) | **Case No.: 15-cv-1770** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DOES 1-15, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JOHN DOE 14 AMENDED MOTION FOR PROTECTIVE ORDER**

NOW COMES Defendant John Doe 14 (hereinafter referred to as "Defendant 14" or "Doe 14") with an IP address of 24.12.31.126, by and through counsel, Shambee Law Office, Ltd., and hereby moves this Court to enter a protective order allowing Doe 14 to litigate this matter anonymously.

**I.      FACTUAL BACKGROUND**

This is an internet copyright infringement case. Plaintiff owns a copyright the title motion Picture show "The Dallas Buyers Club". The Plaintiff alleges that John Doe 1-15 illegally downloaded and shared the motion picture via BitTorrent Protocol software. See Plaintiff's Complaint, Dkt. 1 at ¶¶ 2-3. Plaintiff asserts that it does not have the identities of the defendants, but only possess the internet protocol addresses ("IP"). *Id* at ¶ 11. Plaintiff has filed a subpoena with Comcast, the internet service provider ("ISP") in this case in order to obtain the identities of the individuals assigned to the different IP addresses. *Id*.

Plaintiff filed an early motion for discovery seeking leave to subpoena Comcast in order to obtain the identities of the IP address registrants. The Plaintiff later file a Rule 45 Subpoena to Comcast, requesting the identities of the above John Does. As is protocol, Comcast notified the

IP address subscribers and informed them that it will turn over the information to Plaintiff if there was no motion or other objection filed within a certain timeframe.

Doe 14, through counsel, filed an earlier quash the subpoenas and a motion to dismiss and/or sever the Doe 14. Both motions were denied by this court. In the same motion, Doe 14 requested that a protective order is entered allowing Doe 14 to proceed anonymously in litigating this matter. The Court did not rule on that portion of the order.

## PROTECTIVE ORDER

For good cause, Federal Rule of Civil Procedure 26 permits this Court to issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26. Such a protective order may forbid disclosure altogether, or, among other measures, limit the scope of discovery. Fed. R. Civ. P. 26(c) (1) (A) and (D). Courts have allowed for the protection of John Doe identities and allowed the John Does to litigate anonymously. *Malibu Media, LLC v. Doe*, 2013 U.S. Dist. LEXIS 119100 (N.D. Ill. Aug. 22, 2013).

Doe 14 requests a protective order to prevent the disclosure of any private or identifying subscriber information or, if this court finds that such disclosure is permitted, requests that such information is omitted from all court documents, public or otherwise, and other public records until the end of the litigation of this matter.

Furthermore, there is good cause to enter a protective order for Doe 14 under Fed. R. Civ. P. 26(c), due to the fact that there is a reasonable likelihood that Doe 14 may not have had any involvement at all. Doe 14 is currently speaking with its ISP in hopes of launching an investigation of possible hacking of its IP address and to find the source of any alleged illegal activity involving its IP address.

There is little, if any at all, public interest in revealing the identity of Doe 14, as the case does not involve the public health or welfare. See *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

On May 13, 2015, counsel for John Doe Defendant 14 contacted Plaintiff's counsel, including Michael Hierl and Todd Parkhurst at 312-580-0100. Mr. Hierl was not available at the time and a message was left. Counsel for Doe 14 did have the opportunity to speak with Mr. Parkhurst, wherein Mr. Parkhurst stated he would be unsure if there would be an objection to the protective order and it depended on what was sought in the motion to be protected. Mr. Parkhurst alluded to leaving it up to the court.

## CONCLUSION

Doe 14 requests that the Court issues a protective order allowing Doe 14 to move forward in this matter anonymously for the foregoing reasons and respectfully requests this court to enter an Order granting Doe 14's motion in conjunction with the above requested relief.

Respectfully,

Dated: May 13, 2015                    s/ Juneitha Shambee

Shambee Law Office, Ltd
P.O. Box 91
Evanston., Illinois 60204
(773) 741-3602
shambeelaw@gmail.com
ARDC: 6308145